BANCO FRANCES E BRASILEIRO S. A., Respondent-Appellant, *v.* JOHN DOE No. 1, Appellant-Respondent, et al., Defendants. MARTIN E. SILFEN, Appellant-Respondent.

First Department, May 9, 1974.

*Donald N. Dirks* of counsel (*Mark L. Austrian* with him on the brief; *Davis Polk & Wardwell,* attorneys), for respondent-appellant.

*Martin E. Silfen,* in person, and *Herman E. Cooper* for Martin E. Silfen and another, appellants-respondents.

STEUER, J. Plaintiff, a Brazilian banking institution, brings this action against two individuals whose names are unknown to it. The basis of plaintiff's cause of action is that these persons, by misrepresenting their identities, induced the bank to allow them to exchange Brazilian currency for American travelers checks, which exchange was contrary to Brazilian currency regulations. No other irregularity or impropriety in the transaction is alleged.

It is claimed that the checks were deposited in the Bankers Trust Company here in an account having a code name. An attachment was obtained and both parties moved for various forms of relief. We concern ourselves with only one of these, as it is dispositive of the entire lawsuit. That one is defendants' motion to dismiss the complaint for failure to state a cause of action. Special Term dismissed the third cause of action. The remaining causes of action seek rescission of the transaction above described.

It is one of the best established principles on the subject of conflict of laws that courts of one jurisdiction do not enforce the tax laws, currency regulations, or the statutory penalties or forfeitures of another (*Holman* v. *Johnson,* 1 Cowp. 341

[1775]; 8 N. Y. Jur., Conflict of Laws, § 7, and 16 Am. Jur. 2d, Conflicts of Laws, § 6; 21 C. J. S., Courts, § 71). To this principle this State has consistently subscribed (*James & Co.* v. *Second Russian Ins. Co.*, 239 N. Y. 248, 257; *City of Philadelphia* v. *Cohen*, 11 N Y 2d 401). Accordingly our courts will not entertain a court action which seeks damages for a tortious violation of foreign currency regulations (*Banco do Brasil* v. *Israel Commodity Co.*, 12 N Y 2d 371). It would follow that an application to rescind a contract based on the same grounds would not be entertained here.

The order entered January 31, 1974, New York County (WALTEMADE, J.) should be modified on the law by granting the defendants' motions to dismiss the complaint and denying all applications for ancillary relief and, as so modified, affirmed with one bill of costs to defendants.

MARKEWICH, J. P., MURPHY, TILZER and CAPOZZOLI, JJ., concur.

Order, Supreme Court, New York County, entered on January 31, 1974, unanimously modified, on the law, by granting the defendants' motions to dismiss the complaint and denying all applications for ancillary relief and, as so modified, affirmed. Appellant-respondent and defendant-appellant-respondent shall recover of plaintiff-respondent-appellant one bill of $60 costs and disbursements.